

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-25-2008

# Stackhouse v. Crocker

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4296

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Stackhouse v. Crocker" (2008). *2008 Decisions.* Paper 1528.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1528

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-130                                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-4296
_____

STEPHEN STACKHOUSE,
                                        Appellant

v.

CHRISTOPHER CROCKER, OF CROCKER AND CROCKER LAW OFFICE

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 07-cv-03957)
District Judge:  Honorable Timothy J. Savage

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 14, 2008

Before: AMBRO, FUENTES and JORDAN,  Circuit Judges

(Opinion filed:  February 25, 2008)
_____

OPINION
_____

PER CURIAM

    Stephen Stackhouse appeals from the order of the United States District Court for

the Eastern District of Pennsylvania dismissing his complaint.  We will dismiss the appeal

under 28 U.S.C. § 1915(e)(2)(B).

In 2007, Stackhouse filed the instant lawsuit using a pre-printed form for prisoner's lawsuits under 42 U.S.C. § 1983, although he was not incarcerated at the time. Stackhouse seeks damages from the private attorney, Christopher Cocker, who previously represented him in a separate lawsuit he filed against the warden of the Philadelphia Detention Center and the City of Philadelphia for injuries he sustained while being held at the Philadelphia Detention Center in 1994. In that suit, Stackhouse alleged that another inmate hit him in the back of the head with a baseball bat, and he was hospitalized with a cerebral hemorrhage. He settled with the warden and the City, and the District Court dismissed that lawsuit. Stackhouse filed an appeal, but we dismissed it because it was untimely.

Because Stackhouse is proceeding in forma pauperis, we must analyze his appeal for possible dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). Under that statute, we must dismiss an appeal if it lacks arguable merit in fact or law. See Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Although his claim is not exactly clear in the instant complaint, Stackhouse appears to be dissatisfied with the result from the prior lawsuit and alleges that his attorney failed to argue for a continuance. As the District Court points out, however, Stackhouse has framed the claim as one under § 1983 by using the pre-printed prisoner lawsuit form. In order to bring a claim under § 1983, Stackhouse must demonstrate that Crocker acted under color of state law and deprived him of a constitutional right. See

2

Lugar v. Edmondson Oil, Co., 457 U.S. 922, 930 (1982). Because his private attorney was not a state actor, however, he could not be liable under § 1983. See Angelico v. Lehigh Valley Hosp., Inc., 184 F.3d 268, 276 (3d Cir. 1999); see also Polk County v. Dotson, 454 U.S. 312, 318 (1981). Stackhouse provides no reason that Crocker should be considered to have acted under color of state law. The District Court properly dismissed the lawsuit under 28 U.S.C. § 1915(e).

We would add that, even if we were to disregard the usage of the pre-printed form and the § 1983 label, the complaint does not contain a basis for the District Court to otherwise exercise its jurisdiction. Stackhouse could be claiming that his attorney is liable for malpractice, but as a state law claim, there is no basis of federal jurisdiction here. Likewise, the plaintiff does not allege diversity jurisdiction.

The appeal will be dismissed under 28 U.S.C. § 1915(e)(2)(B).